UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAMADEE KAMARA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ADMINISTRATOR, BAYSIDE STATE PRISON,<br><br>　　　　Defendant. | No. 17-cv-7383 (NLH) (AMD)<br><br><br>OPINION |

APPEARANCE:

Mamadee Kamara, #549170E
Bayside State Prison
4293 Route 47
Leesburg, NJ 08327
　　Plaintiff Pro se

HILLMAN, District Judge

　　Plaintiff Mamadee Kamara, a prisoner presently incarcerated at Bayside State Prison in Leesburg, New Jersey, seeks to bring an Eighth Amendment claim pursuant to 42 U.S.C. § 1983, against the Administrator of Bayside State Prison.

　　At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the Complaint without prejudice for failure to state a claim, with leave to amend. 28 U.S.C. § 1915(e)(2)(b)(ii).

1

BACKGROUND

In the Complaint, Plaintiff alleges that the conditions in his cell at Bayside State Prison are cruel and inhumane in violation of the Eighth Amendment. ECF No. 1. Specifically, Plaintiff states that his cell has no "fire combatant, such as but not limited to, sprinklers" nor does his cell have sufficient ventilation from the heat. ECF No. 1, Compl. at 5. The Plaintiff seeks compensation for the emotional and psychological damages he has incurred from the violation of his rights. Id. at 6.

STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding in forma pauperis. See ECF No. 5 (granting in forma pauperis application).

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

DISCUSSION

In his Complaint, Plaintiff alleges that the conditions of his cell constitute cruel and unusual punishment because his cell lacks fire combatants and adequate ventilation from the heat. To assert a claim for cruel and unusual punishment regarding the conditions of confinement under the Eighth Amendment, a plaintiff must allege that (1) the conditions are "objectively, sufficiently serious" such that a "prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities;" and (2) the official responsible for the conditions must exhibit a "sufficiently culpable state of mind" akin to "deliberate indifference to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Here, Plaintiff fails to allege that the conditions of his cell are so sufficiently serious so as to result in the denial of a civilized life's necessities. An allegation that a prison cell lacks fire sprinklers or other fire precautions without more does not violate the Eighth Amendment. See Wilson v. Brown, 261 F. App'x 442, 443 (3d Cir. 2008); Mays v. Untig, No. 08-CV-3379, 2010 WL 398901 (D.N.J. Jan. 26, 2010). The same can be said for an allegation regarding ventilation and uncomfortable heat in a prison cell without more, which does not state an Eighth Amendment claim. Woods v. Edwards, 51 F.3d 577, 581 (5th Cir. 1995). Plaintiff fails to include any allegations regarding the frequency and duration of the alleged poor ventilation or how it has adversely affected him. See, e.g., Dippolito v. United States, No. 13-cv-175, 2016 WL 4161092, at *3 (D.N.J. Aug. 5, 2016) (noting plaintiff's allegations regarding frequency and duration of poor ventilation as well as its adverse effect on Plaintiff).

Further, Plaintiff fails to allege the requisite state of mind. To do so, Plaintiff would need to allege that he notified the Defendant of the serious conditions of his cell and that Defendant then acted in a manner deliberately indifferent to the serious conditions. See Jones v. Cty. Jail C.F.C.F., 610 F. App'x 167, 169 (3d Cir. 2015). Here, Plaintiff states he has not notified prison officials as to the conditions of his cell.

See ECF No. 1, Compl. at 5.  Given Plaintiff's pleading deficiencies, Plaintiff has failed to state a claim upon which relief may be granted as to the Eighth Amendment.

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile."  Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  The Court will grant leave to amend in order to allow Plaintiff an opportunity to cure his pleading deficiencies as described supra.

CONCLUSION

For the reasons stated above, the Complaint will be dismissed without prejudice for failure to state a claim, with leave to amend within 30 days of this Opinion and accompanying Order.  An appropriate order follows.


Dated: February 21, 2018       s/ Noel L. Hillman
At Camden, New Jersey       NOEL L. HILLMAN, U.S.D.J.